MOORE, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.

[Cite as *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1533.

Decided June 15, 1993.

*John L. Wolfe* and *Thomas A. Mathews,* for appellant.

*Lee Fisher,* Attorney General, and *Teri Jo Ravetto,* Assistant Attorney General, for appellee.

PETREE, Judge.

Plaintiff, John Moore, an inmate at the Marion Correctional Institution, appeals from the Court of Claims of Ohio. Following a bench trial on his personal injury claim, the trial court found for defendant, the Ohio Department of Rehabilitation and Correction. Plaintiff presents eight assignments of error here, as follows:

"I. The trial court erred in failing to hold that the owner of real property owes a continuing duty to inspect, maintain, and keep its premises in a good state of repair so as not to injure persons lawfully on its premises.

"II. The trial court erred in failing to hold that the defendant was not vicariously liable as an owner performing inherently dangerous work on its premises and by holding that the defendant was immune from liability by reason of its employment of prison labor in performing this inherently dangerous work.

"III.   The trial court erred in failing to find that the defendant, as an independent contractor performing construction work on its premises, was liable for its negligence during the course of construction which proximately caused injury to the plaintiff who was rightfully on the premises.

"IV.   The trial court erred in failing to apply the doctrine of *res ipsa loquitur*, thereby shifting the burden of showing the absence of negligence to the defendant.

"V.   The trial court erred in failing to find that the plaintiff proved by the greater weight of the evidence that the defendant was negligent, which negligence proximately caused the plaintiff's injuries.

"VI.   The trial court erred in holding that the testimony of inmates John Mack and Gregory Qualls concerning the knowledge of supervisors Jan Wolfe and Dan Tripp that the skylight was cracked and in need of repair was inadmissible hearsay.

"VII.   The trial court's finding that the sole proximate cause of the injuries to the plaintiff was the negligence of inmate Werner in tripping over the cement block is against the manifest weight of the evidence and contrary to law.

"VIII.   The trial court erred and abused its judicial discretion in overruling plaintiff's motion under Civ.R. 53(E)(2) to receive the testimony of supervisor Jan Wolfe and inmate Bobby Dogan."

On July 3, 1990, plaintiff was sitting at a table on break at the prison maintenance building when an inmate named Werner, who was helping to refurbish the roof on the building, tripped over a cement block that was holding down glued rubber roofing material.  Inmate Werner fell against one of the building's many wire-reinforced, corrugated glass skylights, causing big chunks of three-eighths-inch-thick glass to fall twenty feet onto plaintiff's bare head. Plaintiff suffered multiple injuries and filed suit in the Court of Claims, alleging that his injuries would not have occurred if the institution had been careful in selecting and training the inmate roofers, if the skylights in the maintenance building had been properly repaired and their cracked glass changed prior to the roof work being performed, and if inmate Werner had not been careless on the job.

The cause was heard before a referee appointed by the court.  In his report, the referee found that plaintiff had failed to prove that defendant had any actual or constructive notice of a dangerous condition concerning the skylight, that plaintiff had failed to prove that defendant was negligent in any respect regarding the inmate roofing crew, and that defendant had proved that the proximate cause of plaintiff's injuries was the sole negligence of inmate Werner, who could not be characterized as an employee of defendant.  Though plaintiff objected to

the report on various grounds and further requested that additional testimony be taken, the trial judge overruled the objections and denied the request. The judge noted that the sole cause of the injury was the tripping of inmate Werner, not the negligence of defendant, because the skylight was never designed to withstand such a heavy impact. The court further held that plaintiff's request for further testimony was not warranted because it was not unusual for dissatisfied litigants to second-guess who they should have called at trial.

Plaintiff argues in his second and third assignments of error that defendant should be subject to vicarious liability for the clear carelessness of inmate Werner, who plaintiff views as defendant's actual or constructive employee. Plaintiff also views himself as defendant's employee and therefore claims protection under state and federal work-safety regulations. However, plaintiff's arguments in these respects are fundamentally flawed. Traditionally, ordinary prison labor performed at a state correctional facility has not been deemed to be predicated on an employer-employee relationship and thus is not within the scope of worker-protection statutes. *Fondern v. Ohio Dept. of Rehab. & Corr.* (1977), 51 Ohio App.2d 180, 5 O.O.3d 325, 367 N.E.2d 901 (R.C. Chapter 4113 inapplicable to injury sustained by inmate working at prison laundry). Such involuntary labor at a token wage is in reality rehabilitative training for the benefit of the inmate, not voluntary work performed under a contract for hire for the benefit of the state. See, generally, J. Gobert and N. Cohen, Rights of Prisoners (1980), Chapter 7. Indeed, prisons are under a duty to give felons work to develop skills, so the authorities simply cannot choose who will be performing such labor. As a consequence, the doctrine of *respondeat superior* cannot apply. *Bell v. Dept. of Rehab. & Corr.* (May 12, 1992), Franklin App. No. 91AP–1375, unreported, 1992 WL 103797. In the same vein, it has been held that a prisoner does not come within the definition of the term "frequenter" for purposes of the safe-place-to-work provisions of R.C. Chapter 4101. *Wolfe v. Dept. of Rehab. & Corr.* (Jan. 7, 1992), Franklin App. No. 91AP–554, unreported, 1992 WL 1164.

Though plaintiff asserts that defendant cannot escape liability for hazardous work by delegating it to a prison crew, we find this argument wholly unpersuasive. Defendant did not attempt to delegate a nondelegable duty in the instant case. Indeed, defendant was obligated to delegate such work and should not be held strictly liable for the uncontrollable actions of incarcerated inmates. To be sure, roofing work is hazardous to the inmates engaged in the work itself, as they may fall from great heights. But there is no evidence here that such work is by its nature hazardous to others. It is not like maintaining an opening in the sidewalk for the delivery of goods, for instance, which entails an inherent element of danger to others in the vicinity. *Globe Indemn. Co. v. Schmitt* (1944), 142 Ohio St. 595, 27 O.O. 525, 53 N.E.2d 790.

Plaintiff's second and third assignments of error are not well taken.

Plaintiff argues in his first, fourth, fifth and seventh assignments of error that the referee misconstrued the law and that his factual conclusions were against the manifest weight of the evidence. Of course, we must first note that a reviewing court should not reverse a determination by the trier of fact if it is supported by some competent, credible evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Indeed, it is primarily the function of the trier of fact to determine the weight to be given the evidence and the credibility of witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

Plaintiff initially argues that the court should have applied the doctrine of *res ipsa loquitur* to infer negligence under the instant set of facts. Specifically, plaintiff asserts that, because glass does not fall from a roof skylight without some negligence, the referee should have inferred that defendant was responsible for the injury caused by its skylight. On the contrary, we find the doctrine of *res ipsa loquitur* inapplicable. That doctrine permits, but does not require, the trier of fact to draw an inference of negligence when the thing causing the injury was in the exclusive control and management of the defendant and the circumstances surrounding the injury were of such a character as to warrant the conclusion that the defendant's lack of ordinary care was responsible for the injury. *Renneckar v. Canton Terminal Restaurant* (1947), 148 Ohio St. 119, 35 O.O. 98, 73 N.E.2d 498. But the situation here is plainly not a case of unexplained circumstances resulting in personal injury which would warrant application of the doctrine. The undisputed direct evidence showed that the cause of the injury was inmate Werner's tripping over a cement block on the roof, which resulted in him plunging into the glass on the skylight. There was no need for any inference of negligence under these circumstances.

Plaintiff next complains that the referee failed to classify him as an "invitee" under prevailing premises-liability law. See *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 551 N.E.2d 1257. Yet we are unaware of any decision that undertakes such an analysis in relation to prisoners at state correctional facilities. Rather, it has been held that the state, which is not an insurer of the safety of its prisons, is only required to use reasonable care necessary to prevent injury to a prisoner if aware of a dangerous condition. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287; *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 583 N.E.2d 1129.

■ The evidence in the record is contradictory on whether defendant was aware of a dangerous condition. Plaintiff presented evidence that prison authorities knew that some skylights on the roof were in disrepair and had cracked glass in them, which could more readily break apart on impact due to rusted wire inside. But plaintiff could not prove that the particular skylight that inmate Werner fell against was cracked. In fact, many inmates leaned up against the skylights and there had never been any problem with breaking glass before. The referee was simply not persuaded that the glass was cracked at all or that any inmate had told prison authorities about the condition of the glass. At any rate, the trial judge's finding that there was no evidence that the condition of the glass would have made a difference under the present circumstances is supported by credible evidence. Defendant's expert, a civil engineer, testified that the safety glass in question was designed to hold its shape in fires, not to prevent the weight of a one-hundred-seventy-five-pound man from falling through on impact. The evidence was undisputed that inmate Werner fell backwards with significant force and almost fell through the skylight to the floor twenty feet below, save for the fact that another inmate acted quickly to grab him by the waist. The impact of his body against the glass broke away two-thirds of the six-foot-by-two-foot glass panel. One could conclude that the cracked nature of the glass was simply immaterial, because the glass would have broken and fallen anyway.

■ Plaintiff nevertheless argues that the trial court's finding that defendant had not committed negligence by failing to train or supervise inmate Werner was also against the manifest weight of the evidence. On the contrary, there was ample evidence in the record to demonstrate that inmates on the roofing crew received on-the-job training and were constantly cautioned by their supervisor about safety. They were aware of the hazards of tripping on the roof and took appropriate precautions. The cement blocks which, of necessity, were used to hold down glued portions of roofing material were one of those hazards. Unfortunately, inmate Werner was simply careless when he backed into one of those blocks instead of watching where he was going. There were only a few blocks around him when he was working around the skylight, but he just failed to keep track of where his feet were heading when he backed up to one of them. Plaintiff failed to demonstrate that the supervisor at the site could have done anything more to prevent this accident. He was overseeing about fifteen or twenty men on the whole roof and obviously could not be watching over everyone's shoulder all of the time. Plaintiff failed to show that a safer standard of supervision was warranted at the prison and that it would have made a difference.

■ There was some evidence upon which one could conclude that inmate Werner's carelessness was the real cause of plaintiff's injury. Though plaintiff insists that the injury could have been prevented by cordoning off the area under

the skylights, plaintiff did not establish any standard of care that was breached in this regard. None of the work regulations of the Occupational Safety and Health Administration or Ohio Bureau of Workers' Compensation were demonstrated to be applicable to this inmate work setting. Further, though plaintiff's expert, a roofing consultant and former engineer, testified that cordoning off the area below the skylights would meet the standard of care, the trier of fact did not have to follow this expert's suggestions, which were formulated on commercial as opposed to prison standards. On the contrary, the trial court could properly conclude that defendant did not create an *unreasonable* risk of harm. The risk of someone crashing into a glass skylight with great force was small, as was the possibility that someone would be sitting under a place where a careless worker erred. There had never been any such an occurrence before nor had any other problems with the skylights surfaced. Defendant could have properly felt that closing down the whole maintenance shop to guard against a remote risk was unwarranted.

Plaintiff's first, fourth, fifth and seventh assignments of error are not well taken.

Plaintiff's sixth and eighth assignments of error stem from the referee's ruling that inmate John Mack's testimony was hearsay. Inmate Mack testified that another inmate told him that he had informed a prison guard about the cracks in the skylights. The referee found this testimony to be inadmissible hearsay. On objection to the referee's report, plaintiff sought to call the prison guard himself to establish what he had been told about the skylights. Plaintiff argued that he did not call the prison guard because the guard had not shown up for trial, despite the fact that defendant listed him on a pretrial statement.

As noted above, it is not material whether the skylights were cracked in this case. So, there could be no prejudice flowing from any error concerning the evidence of defendant's knowledge of the cracks. But, even assuming that this information was material, it was hearsay in any event. Inmate Dogan was an out-of-court declarant whose out-of-court statement about telling the prison guard of the cracks was to be used as substantive evidence to prove that this communication had occurred. Evid.R. 801. There was no foundation for the excited-utterance or present-sense-impression exceptions to the hearsay rule. Evid.R. 803(1) and (2). Moreover, inmate Dogan's communication is not an admission of a party opponent under Evid.R. 801(D)(2) because, as indicated above, the inmate was not defendant's agent or servant regarding the roofing work and could not bind defendant in any fashion by his statements.

Plaintiff failed to call the prison guard at trial to demonstrate defendant's notice of the cracked skylights. Plaintiff could not rely on defendant's pretrial witness list to ensure appearance of the prison guard. The proper method for

securing a witness for trial is through use of a subpoena. *Buerger v. Ohio Dept. of Rehab. & Corr.* (1989), 64 Ohio App.3d 394, 581 N.E.2d 1114. As for calling inmate Dogan, we find that the trial court did not abuse its discretion in refusing to allow plaintiff another chance to call witnesses for this case.

Plaintiff's sixth and eighth assignments of error are not well taken.

For the foregoing reasons, plaintiff's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and JOHN C. YOUNG, JJ., concur.