OPINION
Defendant-appellant, Kent B. Grover, appeals pro se from a decision of the Warren County Court of Common Pleas ordering the garnishment of his funds in a commissary account at the Lebanon Correctional Institution ("LCI"). We affirm.
Appellant was convicted for the murder of Bella Leybovich and sentenced to fifteen years imprisonment. On May 23, 1997, plaintiff-appellee, Ronald Leybovich, obtained a judgment in the Cuyahoga Court Common Pleas Court against appellant in the amount of $5,000,000. Appellee subsequently filed a certificate of judgment with the Warren County Court of Common Pleas and an affidavit in support of an order of garnishment. Pursuant to R.C.2716.01(B), appellee sought the garnishment of appellant's property, other than personal earnings, that was in the possession of LCI. On March 18, 1998, the trial court issued an order for the garnishment of $132.19 that was in appellant's commissary account at LCI.
On appeal, appellant raises a single assignment of error asserting that the trial court erred by ordering the garnishment of the funds in his commissary account. The trial court ordered the garnishment of appellant's funds pursuant to R.C. 2716.01(B) which provides:
 A person who obtains a judgment against another person may garnish the property, other than personal earnings, of the person against whom judgment was obtained, if the property is in the possession of a person other than the person against whom judgment was obtained, only through a proceeding in garnishment and only in accordance with this chapter.
Appellant argues that since most of the funds in his commissary account came from the $19 per month that he earns as a tutor in prison, the funds were "personal earnings" that were exempt from garnishment under R.C. 2716.01(B). R.C. 2716.01(C)(2) defines "personal earnings" as follows:
 "Personal earnings" means money, or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer.
R.C. 2716.01(C)(1) defines an employer as "a person who is required to withhold taxes out of payments of personal earnings made to a judgment debtor."
In the present case, the record does not contain any evidence that LCI was required to withhold taxes from the $19 per month that was paid to appellant for his tutoring. Thus, LCI was not an employer as defined in R.C. 2716.01(C)(1). Moreover, an employeeemployer relationship has not been found to exist where a prisoner performs labor for a minimal wage at a prison. See Moore v. Ohio Dept. of Rehab. Corr. (1993), 89 Ohio App.3d 107, 111, citing Fondern v. Ohio Dept. of Rehab. Corr. (1977), 51 Ohio App.2d 180. "Such involuntary labor at a token wage is in reality rehabilitative training for the benefit of the inmate, not voluntary work performed under a contract for hire for the benefit of the state." Id., citing J. Gobert and N. Cohen, Rights of Prisoners (1980), Chapter 7. Therefore, even assuming that most of the funds in appellant's commissary account came from the $19 per month that he earns as a tutor in prison, the funds were not "personal earnings" within the definition of R.C.2716.01(C)(2) since the LCI was not appellant's employer.
Accordingly, the trial court did not err by ordering the garnishment of the funds in appellant's commissary account. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.