DECISION
Plaintiffs-appellants, Michael Barker ("plaintiff") and Debbie Barker, appeal from a judgment of the Ohio Court of Claims in favor of defendant-appellee, Department of Rehabilitation and Correction. Plaintiffs assign a single error:
 THE TRIAL COURT ERRED IN HOLDING THAT THE DOCTRINE OF RES IPSA LOQUITER [sic] WAS INAPPLICABLE IN THE INSTANT MATTER.
Because the trial court did not err in finding res ipsa loquitur
inapplicable to plaintiffs' action, we affirm the judgment of the trial court.
On May 16, 1997, plaintiffs commenced an action against defendant, contending defendant negligently maintained an electric fan which severely shocked plaintiff and caused him injury, including severe physical pain and mental suffering. Plaintiffs sought damages for plaintiff's injuries, as well as damages for loss of services and consortium as a result of the incident. The trial court bifurcated the trial and heard evidence on the issue of liability.
According to plaintiff's evidence, on June 7, 1995, plaintiff was an inmate in an institution under the control of defendant. At the institution, plaintiff served as a clerk, and he generally was responsible for completing paperwork and cleaning offices.
On June 7, 1995, while cleaning an office with another inmate, a bucket of water was accidentally spilled. In an effort to facilitate drying the water, the other inmate attempted to move a large fan into the office. Because the other inmate was not able to get the fan through the door, plaintiff assisted. Plaintiff brought the fan through the doorway into the room. When another inmate plugged the fan into an electrical outlet, an electrical current ran through plaintiff's body. Unable to release his grip from the fan, plaintiff suffered electrocution until an inmate could unplug the fan from the outlet. As a result of the electrical shock, plaintiff sustained injuries to the right side of his body.
According to defendant's evidence, defendant daily inspected the fans, and locked defective equipment into a room where the inmates had no access. Plaintiff attempted to show that, due to problems with the fan at issue during an earlier shift, the corrections officer with whom he worked most closely on the day of the incident was aware of a problem with that particular fan. Defendant's evidence, however, contradicted plaintiff.
After hearing all of the evidence, the trial court found plaintiffs failed to prove defendant, through its corrections officers, had notice that the fan was dangerous. Moreover, concluding the doctrine of res ipsa loquitur did not apply, the court rendered judgment for defendant. Plaintiffs appeal, contending the trial court erred in failing to apply the doctrine of res ipsa loquitur to their case.
To prove actionable negligence, plaintiffs were required to show the existence of a duty, breach of that duty, and an injury proximately resulting from the breach. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. To establish a breach of duty, plaintiff must demonstrate that the actions giving rise to his injuries were foreseeable by defendant's officials. Williams v. Southern Ohio Corr. Facility (1990),67 Ohio App.3d 517, 526. Although prison officials owe a duty of reasonable care and protection from unreasonable risk to plaintiff, they are not insurers of defendant's safety. Id.
Here, plaintiffs seek to invoke the doctrine of res ipsaloquitur in order to prove a breach of defendant's duty of reasonable care and protection to plaintiffs. Res ipsa loquitur
"permits, but does not require, the trier of fact to draw an inference of negligence when the thing causing the injury was in the exclusive control and management of the defendant and the circumstances surrounding the injury were of such a character as to warrant the conclusion that the defendant's lack of ordinary care was responsible for the injury." Moore v. Ohio Dept. ofRehab. Corr. (1993), 89 Ohio App.3d 107, 112.
In invoking the doctrine, plaintiffs rely heavily onKloos v. Ohio Dept. of Rehab. Corr. (1989), 62 Ohio Misc.2d 674. In that case, Roger Kloos, an inmate at the Chillicothe Correctional Institution, was painting a coal silo at the power plant. To accomplish that task, he was placed in a hanging, air-born cage which had been constructed by inmates, under the direction of the institution's personnel, at some undetermined prior date. While Kloos was in the cage, the boom snapped and Kloos fell approximately sixty feet to the ground.
In Kloos, the court stated that before the doctrine may be applied, a plaintiff must prove that (1) the instrumentality causing injury was within the exclusive control and management of the defendant, and (2) the incident is one which would normally not occur in the absence of negligence. Kloos, supra, at 678, citing Hake v. Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65,66-67. In finding res ipsa loquitur applied in that case, the court determined that defendant had exclusive control and management over the boom, and that Kloos' temporary possession of the boom did not bar application of the doctrine. Moreover, the court noted not only that in the usual course of events the boom would have functioned properly, but also that defendant had submitted no evidence to indicate proper welding or maintenance.
Unlike the boom in Kloos, defendant did not construct the fan at issue, but also submitted evidence of proper maintenance. Thus, the defect in the fan which caused it to electrocute plaintiff did not necessarily arise from defendant's negligence. Instead, for example, the defect may have existed at the time the fan was manufactured. Moreover, defendant's exclusive control of the fan, a necessary prerequisite to the doctrine ofres ipsa loquitur, is questionable here in that plaintiff, as well as other inmates, had access to and used the fan either to dry floors or for cooling purposes in the non-air conditioned residential buildings. See Coach v. Dept. of Rehab. Corr. (Aug. 28, 1997), Franklin App. No. 97API04-516, unreported (1997 Opinions 3530).
Plaintiff also relies on Zawitz v. Ohio Dept. of Rehab. Corr. (1990), 61 Ohio Misc.2d 798 as further support for application of the doctrine of res ipsa loquitur. Zawitz, however, speaks to the doctrine of respondeat superior, not res ipsaloquitur. In Moore, this court held that the doctrine ofrespondeat superior does not apply in these circumstances because plaintiff's work at the correctional facility is not predicated on an employer-employee relationship.
Given all of the foregoing, the trial court did not err in refusing to apply the doctrine of res ipsa loquitur to plaintiffs' claims. Accordingly, plaintiffs' single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.