[Cite as *Barnett v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7022.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACK BARNETT

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2002-09382

Judge J. Craig Wright
Magistrate Steven A. Larson

DECISION

**{¶ 1}** On March 16, 2009, the magistrate issued a decision recommending judgment for defendant.

**{¶ 2}** Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On April 13, 2009, plaintiff filed his objections. On April 21, 2009, defendant filed a response.

**{¶ 3}** Plaintiff filed this action as a result of two separate incidents in which he sustained injury while employed as an inmate kitchen worker at Madison Correctional Institution. One incident involved injuries that occurred when plaintiff was cleaning a tilt grill with "Hot Shot"; the other incident involved an electrical shock that plaintiff sustained when working with a food-warming device known as a "hot box." With respect to the first incident, the magistrate found that plaintiff's allegations that he was

not trained for the use of Hot Shot, was not aware that it contained caustic chemicals, and was not provided with protective clothing, lacked credibility. As to the second incident, the magistrate found that the evidence failed to demonstrate that defendant had either actual or constructive notice of any defect with the hot box. The magistrate concluded that plaintiff failed to prove either of his negligence claims by a preponderance of the evidence.

{¶ 4} In his first objection, plaintiff alleges that the magistrate erred in applying and interpreting the law in *McCoy v. Engle* (1987), 42 Ohio App.3d 204 which case references *Fondern v. Ohio Dept. of Rehab. & Corr.* (1977), 51 Ohio App.2d 180, as to the duty of care owed to prison workers. Plaintiff argues that the holdings in both cases are outdated in that they were decided prior to the advent of many current state and federal safety regulations which are required in defendant's penal institutions.

{¶ 5} In *Fondern*, the Tenth District Court of Appeals held that "[a]n inmate of a penal institution is not an employee of the state of Ohio for purposes of applying R.C. Chapter 4113 in an action brought by the inmate for injuries received while performing work within the institution." Fondern at 183. The court held that the appropriate standard of care to be applied was that "'the injured prisoner must prove that the negligence of the responsible officials proximately caused the injuries complained of. Id. In *McCoy*, the court reiterated that "there was and is a common-law duty of due care owed by the state to its prisoners." *McCoy* at 208, citing *Fondern* at 183. (Additional citations omitted.) The court added that "it should also be remembered that the duty does not exist in the abstract. Thus, where a prisoner also performs labor for the state, the duty owed by the state must be defined in the context of those additional factors which characterize the particular work performed." Id.

{¶ 6} Plaintiff asserts that defendant failed to provide safety protections required under Ohio Adm.Code sections 4123:1-5-17(C)(1), 4123:1-5-17(I)(1), 3717-1-07(C)(1), and an Occupational Safety and Health Administration regulation set forth under 29 U.S.C. 1910.138(a), all of which enumerate various workplace precautionary measures required of employers. However, plaintiff has pointed to no legal authority that mandates that defendant provide such protections to the inmate workforce in the manner specified in the regulations. The holdings in *Fondern* and *McCoy* have never

been overturned; thus, the rule of law remains that "ordinary prison labor performed by an inmate in a state correctional institution facility is not predicated upon an employer-employee relationship and thus does not fall within the scope of worker-protection statutes." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04AP-177, 2004-Ohio-5545, ¶15, citing *Fondern*, supra, *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 111; *Watkins v. Ohio Dept. of Rehab. & Corr.* (1998), 61 Ohio Misc.2d 295, 298. The court concludes that the magistrate correctly applied the common law negligence standard of care in rending his recommendation. Accordingly, plaintiff's first objection is OVERRULED.

{¶ 7} In his second objection, plaintiff asserts that defendant's failure to apply the "safe place to work standard" to prison employees violates the 5th and 14th Amendments to the Constitution of the United States and Article I, Section 2 of the Ohio Constitution, as to both incidents at issue. Plaintiff did not raise this issue in his complaint or at trial. Nevertheless, a claim premised upon the violation of constitutionally guaranteed rights states a claim for relief under 42 U.S.C. 1983. *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701. It has consistently been held that such actions may not be brought against the state in the Court of Claims under 42 U.S.C. 1983 inasmuch as the state is not a "person" within the meaning of that section. See, e.g., *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App.3d 170; *White v. Chillicothe Correctional Institution* (Dec. 29, 1992), Franklin App. No. 92AP-1230. Thus, even if the alleged constitutional violations had previously been raised, this court is without jurisdiction to hear such claims. Plaintiff's second objection is, accordingly, OVERRULED.

{¶ 8} In his third, fourth, and sixth objections, plaintiff takes issue with defendant's practice of providing Hot Shot to inmates in unmarked spray bottles with no warning label or cautionary instructions for its use. Plaintiff contends that such practice led him to believe that the product was safe for use without protective clothing and that the "generic" training he received was not adequate to prepare him for the potential dangers to which he might be exposed in his kitchen work. Although there was testimony that inmates were trained to wear safety gear when using caustic chemicals, plaintiff asserts that defendant's practice of keeping such gear under lock and key until it

is requested violates safety regulations. Plaintiff further argues that defendant violated its own safety policies in that no one in authority insisted that he use protective clothing when he worked with the Hot Shot product for approximately twenty minutes without gloves, an apron, or safety goggles.

{¶ 9} Upon review, the court finds that the evidence supports the magistrate's finding that the injury plaintiff sustained by his use of the Hot Shot product was not the result any breach of duty on the part of defendant but, rather, it was occasioned by plaintiff's own careless use of the product.

{¶ 10} The testimony of Warren Gebhart, MCI's safety and health coordinator, and Christine Reese, an MCI food coordinator, established that inmates received safety training prior to beginning work in the kitchen, including both instruction on the use of caustic chemicals and directions for using and obtaining protective clothing. The kitchen workers were required to sign an acknowledgment form attesting to the fact that they received such training, and plaintiff did so. (Defendant's Exhibits B and C.) There was also testimony that there had been no known previous complaints of inadequate training and that there were no known cases of burn injuries caused by Hot Shot prior to plaintiff's injury. In addition, plaintiff had been employed in the kitchen for approximately two years prior to the incident, and he testified that he was aware of the caustic nature of oven cleaning products prior to his incarceration. Moreover, the magistrate did not find plaintiff's testimony regarding lack of training or unavailability of safety gear to be credible.

{¶ 11} It is well settled that the trier of fact "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." *Bey v. Bey*, Mercer App. No. 10-08-12, 2009-Ohio-300, ¶15, citing *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 159; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135. It is equally clear that the trier of fact "who hears a witness testify may believe any, any part or none of the testimony given." *Ross v. Biomet-Ross, Inc.*, (Dec. 4, 1989), Logan App. No. 8-88-12, citing *Cleveland Heights v. Friedman* (June 15, 1955), Cuyahoga App No. 23406. There is nothing in the record that persuades the court that the magistrate's findings as to credibility or negligence were in error. Therefore, plaintiff's third, fourth, and sixth objections are OVERRULED.

{¶ 12} In his fifth and seventh objections, plaintiff asserts that the magistrate erred in ruling that defendant did not have knowledge that the hot boxes "regularly" had electrical problems before plaintiff experienced an electrical shock; in ruling that defendant was not negligent in failing to warn of the potential for electrical shock; and in ruling that plaintiff was required to prove actual notice of the defect in the hot box that caused his injury.

{¶ 13} The court finds that the magistrate relied upon competent, credible evidence in rendering his decision concerning this incident. Several of defendant's employees testified that the kitchen equipment was regularly inspected and that, if injuries were reported or defects noted, the particular equipment would be removed and repaired. There was testimony that, when the hot box that caused plaintiff's injury was taken to repair, it was found to have a damaged electrical cord. Gebhart testified that inmates were known to unplug the boxes by pulling the cord from the wall rather than grasping the base of the plug at the outlet. Plaintiff testified that he had worked with the hot boxes on a daily basis for at least one year prior to his injury and that he had never previously been shocked nor was he aware of anyone else who had been.

{¶ 14} The magistrate addressed the issue of both actual and constructive notice, and did not rule that plaintiff was required to show actual notice of the defective cord. Rather, the magistrate found, and the court agrees, that there was no evidence that the defect had existed for a sufficient length of time to put defendant on notice that the box had become unsafe. Defendant cannot be held liable for failing to warn of a condition that it did not know existed. The court agrees with plaintiff's contention that safety measures could have been taken to prevent damage to electrical cords caused by their improper removal from outlets by inmates; however, absent any evidence of prior injuries caused by the practice, the court finds that failure to take such measures does not constitute a breach of duty on the part of defendant. As has often been noted, "[i]t is nearly always easy, after an accident has happened, to see how it could have been avoided. But negligence is not a matter to be judged after the occurrence. It is always a question of what reasonably prudent men under the same circumstances would or should, in the exercise of reasonable care, have anticipated." *Grabill v. Worthington*

*Indus.* (1994), 98 Ohio App.3d 739, 744-745. Accordingly, plaintiff's fifth and seventh objections OVERRULED.

{¶ 15} In his final objection, plaintiff asserts that the magistrate's ruling is against the manifest weight of the evidence. Having overruled each of the foregoing objections, the court concludes that the magistrate has properly determined the factual issues and appropriately applied the law with respect to both claims of negligence. Therefore, all of the objections are OVERRULED and the court shall adopt the magistrate's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein. Judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACK BARNETT

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2002-09382

Judge J. Craig Wright
Magistrate Steven A. Larson

JUDGMENT ENTRY

For the reasons set forth in the decision filed concurrently herewith, and having overruled each of plaintiff's objections, the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
J. CRAIG WRIGHT
Judge

cc:

Peter E. DeMarco                          Richard F. Swope
Stephanie D. Pestello-Sharf              6504 East Main Street
Assistant Attorneys General              Reynoldsburg, Ohio 43068-2268
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

LH/cmd
Filed November 17, 2009
To S.C. reporter December 29, 2009