[Cite as *Washington v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7054.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BENNIE WASHINGTON

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2007-06471

Judge J. Craig Wright
Magistrate Steven A. Larson

<u>MAGISTRATE DECISION</u>

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Marion Correctional Institution (MCI) pursuant to R.C. 5120.16. At approximately 5:30 p.m. on September 7, 2006, plaintiff stepped in what he described as a "hole" in the hallway of "5 dorm" and fell. Plaintiff was thereafter transported to the infirmary where he was treated for injuries to his left ankle and coccyx.

{¶ 3} Plaintiff alleges that defendant knew the hallway was dangerous and negligently permitted a hazardous condition to persist.

{¶ 4} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 5} Under Ohio law, the duty owed by an owner or occupier of premises ordinarily depends on whether the injured person is an invitee, a licensee, or a trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 1996-Ohio-137. However, an inmate incarcerated in a state correctional facility is not afforded the status of any of the traditional classifications. In the context of the custodial relationship between the state and its inmates, the state has a duty to exercise reasonable care to prevent prisoners from being injured by dangerous conditions about which the state knows or should know. *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 112; *McCoy v. Engle* (1987), 42 Ohio App.3d 204. Nonetheless, the state is not the insurer of inmate safety. *Moore*, supra.

{¶ 6} "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong*, supra, syllabus. This rule is based upon the rationale that the very nature of an open and obvious danger serves as a warning, and that the "owner or occupier (of land) may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id. at 80, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42.

{¶ 7} Furthermore, plaintiff has a duty to exercise some degree of care for his own safety while walking. See *Lydic v. Lowe's Companies, Inc.*, Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶16. "A pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse." Id.

{¶ 8} Plaintiff testified that, when the incident occurred, he was leaving the MCI "chow hall" after finishing his evening meal and was on his way to take a "smoke break" with "some of the guys." Plaintiff stated that as he walked down the hall, the toe of his shoe became caught in a hole in the floor causing him to fall and "hit the ground hard." Plaintiff further stated that he could not stand on his own after the fall and that a corrections officer called a nurse who then transported him to the infirmary in a

wheelchair. Plaintiff testified that after the incident, he sent a letter to the MCI maintenance department about the hole but he did not receive a response. According to plaintiff, there are loose tiles and "giant" holes that present a constant danger to individuals traversing the hallway. Plaintiff stated that the incident left him feeling "totally disrespected."

{¶ 9} Lee Campo was the MCI safety officer at the time of the incident. Campo testified that the hallway in question is the "main" hallway of the institution, that all 2,000 inmates use it to enter and exit the "chow hall," and that many corrections officers and staff members also use it. Campo further testified that because the hallway sustains such heavy traffic, it is constantly being repaired. However, Campo did not recall plaintiff's incident or being specifically instructed to fix any "hole" that caused plaintiff's fall. Campo also stated that the hallway is lit at all hours.

{¶ 10} Keith Beitzel was the building maintenance superintendent at the time of the incident. Beitzel testified that the floor of the hallway is covered with one-half inch thick tiles. According to Beitzel, as a result of plaintiff's fall, Deputy Warden Milligan issued a work order to Dick Enderle, a member of MCI's maintenance staff, on September 7, 2006. Beitzel stated that MCI records show that on September 8, 2006, Enderle signed the order and wrote that he removed broken tiles from the hallway and filled in the resultant holes with cement. (Defendant's Exhibit G.) Beitzel further testified that the "holes" that Enderle and plaintiff refer to are approximately three-quarters of an inch deep and are actually spots on the floor where tiles have broken or come loose.

{¶ 11} Based upon the evidence and testimony presented at trial, the court finds that the "hole" that caused plaintiff's fall was an open and obvious condition, and that therefore defendant did not owe plaintiff a duty of care. Accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that*

*14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law*

*under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
STEVEN A. LARSON
Magistrate

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Bennie Washington, #500-025
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

Magistrate Steven A. Larson

MR/cmd
Filed December 10, 2009
To S.C. reporter December 29, 2009