[Cite as *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-1776.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD WOLFE

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2007-08902

Judge Alan C. Travis
Magistrate Steven A. Larson

JUDGMENT ENTRY

{¶ 1} On December 10, 2009, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶ 3} On February 5, 2010, plaintiff filed his objections and a motion for an extension of time to file an affidavit of evidence pursuant to Civ.R. 53(3)(b)(iii).[1] On April 9, 2010, plaintiff filed an affidavit of evidence.

{¶ 4} Civ.R. 53(D)(3)(b)(iii) provides, in part:

{¶ 5} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the

---

[1] Defendant's February 9, 2010 motion to stay proceedings in this case pursuant to L.C.C.R. 15(C) is DENIED.

evidence submitted to the magistrate relevant to that finding *or an affidavit of that evidence if a transcript is not available.*" (Emphasis added.)

**{¶ 6}** Furthermore, Civ.R. 53 "does not provide the objecting party with an option to file either a transcript or an affidavit. An affidavit may be employed only where a transcript of the proceedings is not available. A transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision." *Gladden v. Grafton Correctional Inst.*, Franklin App. No. 05AP-567, 2005-Ohio-6476.

**{¶ 7}** Plaintiff does not allege that a transcript of proceedings in this case is "unavailable" other than he cannot afford to pay for it. Accordingly, plaintiff's motion for an extension of time to file an affidavit of evidence is DENIED and the affidavit filed on April 9, 2010, is STRICKEN from the record.

**{¶ 8}** Plaintiff asserts that the magistrate erred in his factual findings with regard to plaintiff's physical condition and credibility of witnesses. However, those objections are not supported by a transcript of the relevant evidence as required by Civ.R. 53 and are therefore OVERRULED.

**{¶ 9}** Plaintiff also asserts that the magistrate's decision is contrary to law with regard to the applicability of the Americans with Disabilities Act (ADA) and plaintiff's entitlement to an accommodation thereunder.

**{¶ 10}** Title II of the ADA is contained in 42 U.S.C. 12132 and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The Supreme Court of the United States has held that "state prisons fall squarely within Title II's statutory definition

of 'public entity,' which includes 'any * * * instrumentality of a State * * * or local government.'" *Pennsylvania Dept. of Corrections v. Yeskey* (1998), 524 U.S. 206, syllabus, quoting 42 U.S.C. 1213(1)(B).

{¶ 11} Plaintiff claims that defendant required him to work in the Belmont Correctional Institution and did not provide him an unspecified "accommodation" as required by the ADA. While the ADA applies generally to state correctional institutions,[2] "it is well-established that ordinary prison labor performed by an inmate in a state correctional institution facility is not predicated upon an employer-employee relationship and thus does not fall within the scope of worker-protection statutes." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04AP-177, 2004-Ohio-5545, ¶14, citing *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 111. Therefore, plaintiff is not entitled to an ADA accommodation in the context of his institutional work assignment. Accordingly, the court finds that the magistrate correctly applied the law and plaintiff's objections are thus OVERRULED.

{¶ 12} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

_____
[2]See *Pennsylvania Dept. of Corrections*, supra.

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6408 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

MR/cmd/Filed April 16, 2010/To S.C. reporter April 21, 2010