[Cite as *Nott v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4299.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACK NOTT

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2005-07950

Judge Clark B. Weaver Sr.
Magistrate Steven A. Larson

<u>MAGISTRATE DECISION</u>

{¶ 1} On May 11, 2009, the magistrate issued a decision recommending judgment for defendant. On August 11, 2009, the court issued a decision adopting the magistrate's decision and rendering judgment in favor of defendant.

{¶ 2} On April 8, 2010, the Tenth District Court of Appeals issued a decision which states, in part:

{¶ 3} "[P]laintiff filed a complaint against defendant asserting defendant knew plaintiff to be a severe diabetic but nonetheless negligently placed him in leg irons and gave him soft, worn shoes that would not stay on his feet when defendant transported plaintiff to the Corrections Medical Center. Plaintiff alleged that as a result of defendant's negligence 'in utilizing metal shackles on a severe diabetic and forcing him to walk barefoot,' plaintiff 'received injury to his foot and left leg which would not heal and which resulted in the amputation of his left leg' below the knee." *Nott v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-842, 2010-Ohio-1588, ¶2.

{¶ 4} "[T]he judgment of the Court of Claims is not against the manifest weight of the evidence in concluding plaintiff failed to prove injury to his left foot was the result of defendant's negligence * * *." Id. at ¶1.

{¶ 5} "The Court of Claims, however, did not determine defendant's negligence with respect to the leg shackles and the injury plaintiff alleges they caused to his right leg. Because that issue has not been determined, we remand the case to the Court of

Claims to consider and resolve plaintiff's allegations concerning his right leg." Id. at ¶24.

{¶ 6} Pursuant to the decision of the Tenth District Court of Appeals, the case now comes before the court to consider the evidence presented at trial pertaining to the alleged injury to plaintiff's right leg.[1] (Complaint, ¶3.)

{¶ 7} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its inmates. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 207-208. "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04AP-177, 2004-Ohio-5545, ¶16. The state is not an insurer of inmates' safety, however. *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 112.

{¶ 8} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Grafton Correctional Institution (GCI) pursuant to R.C. 5120.16. On August 19, 2003, plaintiff was scheduled for a one-day round trip visit to the Corrections Medical Center (CMC) in Columbus. Plaintiff testified that in preparation for the trip, corrections officers placed him in handcuffs, leg restraints, and a belly chain.

{¶ 9} According to plaintiff, the leg restraints irritated his legs over the course of the trip. Indeed, when nurse Marie Starkey performed a routine examination of plaintiff

---

[1]The court notes that although plaintiff does not allege an injury to his right leg in his complaint, Civ.R. 15(B) provides, in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

upon his return to GCI, she made a corresponding entry in his medical chart noting that he had an "abrasion on [the right] ankle from cuffs." (Plaintiff's Exhibit 2.) Starkey testified that she bandaged plaintiff's right ankle at that time and arranged for him to receive follow-up care.

{¶ 10} Plaintiff contends that inasmuch as he is a diabetic, the corrections officers who shackled and escorted him should have placed his legs in soft restraints rather than the standard metal leg restraints. According to Starkey, however, defendant's policy provides that soft restraints are to be employed only when a physician issues an inmate a "medical restriction" that authorizes the use of such restraints.

{¶ 11} There is no evidence to suggest that plaintiff had been issued a medical restriction authorizing the use of soft restraints. To the extent that plaintiff contends that defendant's medical professionals were negligent in not issuing him such a restriction, plaintiff must produce evidence to establish both the relevant standard of care and proximate cause. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, paragraph one of the syllabus. The appropriate standard of care must be proven by expert testimony which construes what a medical professional of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances. Id. at 131-132. In this case, plaintiff provided no expert medical testimony.

{¶ 12} Furthermore, inmates are required to use reasonable care to ensure their own safety. *Harwell v. Grafton Correctional Inst.*, Franklin App. No. 04AP-1020, 2005-Ohio-1544, ¶11. To that end, plaintiff testified that during another trip outside GCI, corrections officers placed him in soft leg restraints after he complained that the metal restraints hurt his legs. But, when asked whether he notified officers that the metal restraints hurt his legs during the trip which is at issue in this case, plaintiff stated "I don't remember."

{¶ 13} Indeed, the evidence presented at trial does not demonstrate that the officers had reason to know that the leg restraints presented any danger to plaintiff. As stated earlier, the duty of reasonable care required the officers only to prevent plaintiff from being injured by a dangerous condition about which they knew or should have known. The court finds that plaintiff failed to bring his concerns to the officers' attention and that he did not exercise due care for his own safety.

{¶ 14} Based upon the foregoing, the court finds that plaintiff failed to prove by a preponderance of the evidence that defendant committed a breach of its duty of care with respect to the manner in which it shackled plaintiff's legs on August 19, 2003. Accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
STEVEN A. LARSON
Magistrate

cc:

Eric A. Walker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

John C. Bucalo
1370 Ontario Street, Suite 330
Cleveland, Ohio 44113-1708

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

Magistrate Steven A. Larson

RCV/cmd/Filed August 10, 2010/To S.C. reporter September 9, 2010