[Cite as *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-1427.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD WOLFE

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2007-08902

Judge Alan C. Travis
Magistrate Steven A. Larson

<u>JUDGMENT ENTRY</u>

{¶ 1} On December 10, 2009, the magistrate issued a decision recommending judgment in favor of defendant. On April 16, 2010, the court overruled plaintiff's objections to the magistrate's decision without consideration of plaintiff's affidavit of evidence inasmuch as a transcript was "available" for the purposes of Civ.R. 53(D)(3)(b)(iii). Judgment was rendered in favor of defendant.

{¶ 2} On December 16, 2010, the Tenth District Court of Appeals reversed the judgment of this court and remanded the case for further proceedings, finding that a transcript was "unavailable" for purposes of Civ.R. 53(D)(3)(b)(iii) due to plaintiff's indigence. The case is now before the court for reconsideration of plaintiff's objections.

{¶ 3} On February 5, 2010, plaintiff timely filed four objections to the magistrate's decision. On April 9, 2010, he filed his own affidavit in support of those objections.

{¶ 4} In plaintiff's third objection, plaintiff takes issue both with the magistrate's description of plaintiff's physical condition and with the magistrate's finding that Elmer Boros was more credible than plaintiff.

{¶ 5} A review of the magistrate's decision shows that the magistrate's description of plaintiff's physical condition is substantially similar to that offered by plaintiff in his affidavit of evidence. With regard to the credibility of witnesses, the court finds nothing in the magistrate's decision or plaintiff's affidavit that belies rejecting the magistrate's determination. Accordingly, plaintiff's third objection shall be overruled.[1]

{¶ 6} Plaintiff asserts in his first, second, and fourth objections that the magistrate's decision is contrary to the Americans with Disabilities Act (ADA). The court disagrees.

{¶ 7} Title II of the ADA is contained in 42 U.S.C. 12132 and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The Supreme Court of the United States has held that "state prisons fall squarely within Title II's statutory definition of 'public entity,' which includes 'any * * * instrumentality of a State * * * or local government.'" *Pennsylvania Dept. of Corrections v. Yeskey* (1998), 524 U.S. 206, syllabus, quoting 42 U.S.C. 12131(1)(B).

{¶ 8} Plaintiff claims that defendant required him to work in the Belmont Correctional Institution but did not provide him with an "accommodation" as required by the ADA. While the ADA applies generally to state correctional institutions and their employees,[2] "it is well-established that ordinary prison labor performed by an inmate in a state correctional institution facility is not predicated upon an employer-employee

---

[1] Defendant's January 24, 2011 motion to strike is DENIED.

[2] See *Pennsylvania Dept. of Corrections*, supra.

relationship and thus does not fall within the scope of worker-protection statutes." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04AP-177, 2004-Ohio-5545, ¶14, citing *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 111. Therefore, plaintiff is not entitled to an ADA accommodation in the context of his institutional work assignment. Accordingly, plaintiff's first, second, and fourth objections shall be overruled.

{¶ 9} Upon review of the record, the magistrate's decision, the objections, and plaintiff's affidavit of evidence, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Douglas R. Folkert                          Richard F. Swope
Assistant Attorney General                  6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor             Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MR/cmd
Filed March 8, 2011
To S.C. reporter March 22, 2011