[Cite as *Hopkins v. Madison Corr. Inst.*, 2011-Ohio-1854.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


MARK HOPKINS

    Plaintiff

    v.

MADISON CORRECTIONAL INSTITUTION

    Defendant
    Case No. 2009-04149

Judge Joseph T. Clark

DECISION


{¶ 1} Plaintiff brought this action alleging negligence.[1] The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of the Department of Rehabilitation and Correction (DRC) pursuant to R.C. 5120.16. Plaintiff testified that on September 22, 2006, he fell while attempting to alight from his bunk and that, as a result, he sustained injuries to his right arm and shoulder. Plaintiff was subsequently transported to The Ohio State University Medical Center (OSUMC), where he underwent reparative shoulder surgery. After surgery, plaintiff spent a period of time recovering at the Corrections Medical Center (CMC) in Columbus.

{¶ 3} Plaintiff testified that during his stay at CMC, Dr. Valentine examined him and prescribed a course of physical therapy intended to rehabilitate his shoulder, including several exercises which involved the use of weights or a rod. According to plaintiff, when he left CMC and returned to defendant, defendant refused to furnish the therapy devices due to security concerns. Plaintiff stated that defendant's medical

professionals selected a different course of physical therapy than that which Dr. Valentine had selected, and that the only devices involved in the exercises selected by defendant were rubber "therapy bands."

**{¶ 4}** According to plaintiff, he performed the physical therapy exercises selected by defendant's medical professionals, but he claims that his inability to perform the exercises selected by Dr. Valentine prevented his shoulder from healing properly and regaining a full range of motion. Plaintiff stated that after being released from defendant's custody in 2008, he received additional physical therapy through the Veterans Administration (VA), but that his shoulder did not improve and that he continues to experience pain and limited motion in the shoulder.

**{¶ 5}** In his complaint, plaintiff claims that defendant was negligent in its "failure to provide prescribed medical care." In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its inmates. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 207-208. The state is not an insurer of inmates' safety, however. *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 112.

**{¶ 6}** Karen S. Stanforth testified that she has served as defendant's Health Care Administrator for the past five years and that she is familiar with plaintiff's treatment. According to Stanforth, Dr. Valentine is a consultant at CMC, not an employee of DRC and, while he can make recommendations to defendant's medical department, he cannot prescribe treatment. Stanforth stated that Dr. Valentine's recommendations concerning plaintiff's physical therapy were forwarded to defendant,

---

[1]On July 6, 2009, the court dismissed plaintiff's constitutional and civil rights claims.

but that defendant's chief physician declined to prescribe any exercises involving weights or a rod, and instead prescribed exercises that involved rubber therapy bands. Stanforth testified that plaintiff was not permitted to keep the therapy bands in his cell due to security concerns, but that he was scheduled to visit the infirmary every day to use them as prescribed.

{¶ 7} Defendant's expert, Karl W. Kumler, M.D., is an orthopedic physician licensed to practice in Ohio. Dr. Kumler testified by deposition that he examined plaintiff in his office on November 17, 2009, and that he reviewed plaintiff's medical records from the DRC, OSUMC, the VA, and the Westside Orthopedic Clinic. According to Dr. Kumler, plaintiff's fall resulted in a dislocation and "four-part fracture" of the shoulder. Dr. Kumler stated that plaintiff underwent surgery at OSUMC on October 6, 2009, at which time a portion of the shoulder was replaced with a prosthesis.

{¶ 8} According to Dr. Kumler, surgery of this type requires subsequent physical therapy in order for the shoulder to regain function. Dr. Kumler explained that defendant's medical professionals prescribed plaintiff a course of physical therapy that included exercises with Thera-Bands, which are large rubber bands designed for stretching by the patient. Dr. Kumler testified that the medical records show that plaintiff progressed well in his physical therapy and achieved "an adequate range of motion * * * fairly early on after the surgery."

{¶ 9} Dr. Kumler stated that when plaintiff sought treatment through the VA several months after his release from custody, the range of motion in his shoulder had decreased, and that although he received physical therapy through the VA, his shoulder never regained an "adequate" range of motion. Dr. Kumler related that his examination of plaintiff revealed that the shoulder then had a significantly limited range of motion, and Kumler opined that it was a result of "proximal migration" of the shoulder. Dr. Kumler stated that x-rays of the shoulder show that the rotator cuff had deteriorated, and he explained that without a properly functioning rotator cuff, the ball at the top of the

arm bone is not held in place, and will migrate to the top of the shoulder joint and thereby prevent the arm from being fully raised.  Dr. Kumler testified that deterioration and failure of the rotator cuff is a common risk associated with both the type of injury that plaintiff suffered and the type of surgery that he underwent.

{¶ 10} Dr. Kumler opined that the deterioration of plaintiff's rotator cuff and the resulting proximal migration of his shoulder were unrelated to any physical therapy which plaintiff received or claims that he should have received.  According to Dr. Kumler, the DRC medical records reflect that plaintiff had performed the course of physical therapy prescribed for him by defendant's medical professionals and that such therapy was appropriate.

{¶ 11} Upon review of the evidence presented at trial, the court finds that the only physical therapy exercises actually prescribed for plaintiff were those prescribed by defendant's chief physician.  Inasmuch as plaintiff, Stanforth, and Dr. Kumler each testified that plaintiff performed such exercises, the court finds that defendant fulfilled its duty to provide plaintiff with the therapy prescribed.

{¶ 12} To the extent that plaintiff claims that the course of physical therapy selected by defendant's medical professionals was not appropriate, such allegations sound in medical malpractice.  A claim of medical malpractice requires expert testimony to establish:  1) the standard of care recognized by the medical community; 2) the failure of defendant to meet that standard; and 3) a direct causal connection between the alleged negligent act and the injury sustained.  See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127.  However, plaintiff did not introduce expert testimony.

{¶ 13} For the foregoing reasons, the court finds that plaintiff has failed to prove his claim by a preponderance of the evidence.  Accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK HOPKINS

    Plaintiff

    v.

MADISON CORRECTIONAL INSTITUTION

    Defendant
    Case No. 2009-04149

Judge Joseph T. Clark

JUDGMENT ENTRY

    This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

_____
JOSEPH T. CLARK
Judge

cc:

Brian M. Kneafsey, Jr.
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Mark Hopkins
552 South Wheatland Avenue
Columbus, Ohio 43204

RCV/cmd
Filed March 23, 2011
To S.C. reporter April 12, 2011