BOYLE, Appellee,

v.

**DEPARTMENT OF REHABILITATION AND CORRECTION, Appellant.**

[Cite as *Boyle v. Ohio Dept. of Rehab. & Corr.* (1990), 70 Ohio App.3d 590.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–156.

Decided Dec. 13, 1990.

*Kircher Phalen* and *Robert B. Newman,* for appellee.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Sally Ann Walters*, for appellant.

---

BOWMAN, Judge.

On February 24, 1987, appellee, Kenneth Boyle, was incarcerated in the Lebanon Correctional Institution ("Lebanon"). Boyle, who was sixteen years old at the time, had been working for approximately three days in the fabrication department of the instructional sign shop which made road signs. His duties included cutting metal and assisting in loading the cut steel onto a cart. The total weight of the steel was estimated to be four to five thousand pounds on a cart which measured approximately ten feet in length, four feet in width and thirty-nine inches high. After the cart was loaded, Boyle would then assist two other inmates in moving the cart to the other side of a cutting shear. As the inmates, along with Boyle's supervisor, Kenneth Wolf, swiveled the cart around to another position, the cart collapsed and the sheet metal slid off the cart, lacerating Boyle's arms.

Boyle filed a complaint in the Court of Claims against appellant, the Ohio Department of Rehabilitation and Correction, alleging negligence of the supervisor. The complaint also asserted that the metal shifted causing a collapse of the cart. A trial as to the issue of liability only was held before the court's referee, who found the state not negligent as a matter of law regarding the design of the cart. However, the referee went on to find that an injury is foreseeable when someone is attempting to prevent this much steel from sliding off a moving cart. Furthermore, the referee found that if proper safety precautions were followed, Boyle would not have been in the position he was to be injured. In conclusion, the referee found the proximate cause of Boyle's injuries was not due to the failure of the cart but arose from Lebanon's failure to employ appropriate safety precautions that would have prevented Boyle's injuries. The recommendation of the referee was that the state be found to be one hundred percent liable for Boyle's injury and the Court of Claims adopted the referee's report.

The issue of damages was heard on October 19, 1989, and, on January 3, 1990, the court awarded Boyle $15,000 for pain and suffering.

Appellant asserts a single assignment of error:

"The trial court's ruling that defendant placed plaintiff in a precarious position in direct proximity to the sliding steel without enlisting safety precautions which a reasonably prudent individual would have utilized is not supported by any evidence in the record."

Appellant argues that Boyle proceeded at trial on the theory, and all the evidence introduced was directed to the issue, that the proximate cause of his injury was the collapse of the cart used to move the steel and that the collapse was brought about by a defect in design or a defect in the manufacture, improper maintenance or improper use. Thus, the state argues that it was against the manifest weight of the evidence to find it liable for placing Boyle in a position of peril or for failing to use safety precautions when there was no evidence to support that finding and that issue was not tried.

The appropriate standard of review is whether the trial court's decision was against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, at the syllabus:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

This court held, in *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 537 N.E.2d 665, at paragraph two of the syllabus:

"In the context of the custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks. Where a prisoner also performs labor for the state, the duty owed by the state must be defined in the context of those additional factors which characterize the particular work performed."

Therefore, appellant was under a duty of reasonable care to protect appellee against those unreasonable risks of physical harm associated with the performance of his duties in the institutional sign shop. See *Fondern v. Dept. of Rehab.* (1977), 51 Ohio App.2d 180, 5 O.O.3d 325, 367 N.E.2d 901.

Appellee submits as authority *Burks v. Christ Hosp.* (1969), 19 Ohio St.2d 128, 48 O.O.2d 117, 249 N.E.2d 829. In *Burks*, the court held that expert opinion was not controlling as to the custom or standard of care with regard to the application of side rails to a hospital bed. In determining negligence of the hospital, the court stated it was a jury question as to whether the hospital exercised reasonable care in promulgating and enforcing regulations necessary to protect patients from dangers incident to their conditions. In *Burks*, there existed a nursing manual used by the hospital's nursing school covering the need for side rails, in addition to other evidence revealing that other hospitals in the community used the same standard of care. However, the issue here is not whether there needed to be expert testimony as to the standard of care or prevailing safety standards in a similar industrial setting, but whether there was any evidence at all to support the trial court's findings.

A review of the record shows there was no evidence in the record for the trier of fact to conclude that appellant was negligent on the basis of failure to provide or follow appropriate safety precautions. Thus, *Burks* is not applicable to this case.

We must look to the record to determine what evidence, if any, the trial court relied on to find the state negligent for failing to provide and maintain appropriate safety precautions. The trial court found that there was sufficient evidence from which the referee could find that the positioning of Boyle was a negligent act. The court refers to that portion of the transcript wherein Wolf testified that Boyle had his hands on the metal in case it moved and that Boyle was watching the load of metal while the other two inmates were doing the work. The court also based its decision on that portion of Wolf's deposition wherein he testified that Boyle had his hands on the stacks to keep them from shifting.

The trial court emphasized that the referee was not basing his analysis only on the lack of restraining straps, but also the placement of Boyle in such a perilous position, especially if the steel were to fall.

As noted before, the referee and trial court found that the design of the cart was not negligent, which was the only issue on which evidence was presented at trial. The referee noted, at page 8 of his report:

"Both experts went into great detail regarding the design of the subject cart. The totality of plaintiff's evidence on this point was speculative and lacking in the precision necessary to impose liability upon defendant. * * * "

Appellee's expert also criticized the absence of a retaining lip around the cart. The trial court agreed with the referee's finding that a lip on the cart surface would not have prevented Boyle's injuries because the way in which the cart collapsed would still have scattered the metal in a dangerous method. However, the referee went on to find that:

" * * * The proximate cause of plaintiff's injuries does not originate in the failure of the cart but arises by virtue of the defendant's failure to enlist safety precautions which a reasonably prudent individual would have utilized to prevent the foreseeable injury to plaintiff."

The only safety precautions the referee referred to were the absence of cloth straps around the steel and the positioning of Boyle.

We find there is a lack of evidence regarding the placement of Boyle in such a precarious position without employing reasonable safety measures.

There is no evidence in the record regarding retaining straps. There existed no testimony tending to show that restraining straps should have been used or, if they were used, that they would have kept five thousand pounds of

steel from falling on appellee. Furthermore, no industry standard was ever referred to regarding the restraining of steel in a similar situation. The record is also devoid of any other safety precautions the trial court considered, except the placement of appellee.

Boyle had the burden to present evidence to prove the state's negligence was the proximate cause of his injuries. Boyle testified that he was pushing the cart. Wolf remembered him only holding the stacks, with the other two inmates pushing the cart. It is possible that Boyle could have had his hands on top of the steel while assisting in swiveling the cart. In any event, there was no showing that Boyle's position was more dangerous than that of the other parties involved, or that such a position was improper or violated any safety standard. The referee stressed the fact that three other people escaped injury because their job was one of steering and, had Boyle not been in direct contact with the steel, he too may have escaped injury. However, there is no evidence in the record to support this finding. The other two inmates and the supervisor were also knocked down when the steel fell. Because the cart collapsed on the side on which Boyle was standing, the steel slid in that direction.

Wolf testified that the utmost care and precautions were taken to guard against dangers in the shop. Prior to working at Lebanon, Wolf had worked with the Navy as a metal fabricator and as a millwright, and he was aware of the potential hazards in moving stacks of sheet metal. To guard against the steel sliding from the cart, the inmates were to keep the steel stack at a low level on a certain sized cart after stacking it a specified way. Boyle points to no safety regulation or industry standard violated by the state in not having safety straps around the steel, or regarding the placement of inmates in moving the cart.

In summary, the record does not support the trial court's finding that the State breached its duty to reasonably enlist safety precautions. There is insufficient evidence from which the trial court could have found that the state should have enlisted better safety precautions that would have afforded Boyle more protection from any risk associated with moving the steel on the cart.

For the foregoing reasons, appellant's assignment of error is sustained and the judgment of the trial court is reversed.

*Judgment reversed.*

McCORMAC and THOMAS F. BRYANT, JJ., concur.

THOMAS F. BRYANT, J., of the Third Appellate District, sitting by assignment.