OPINION
{¶ 1} Plaintiff-appellant, Charles Zeigler, appeals from a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC") on the issue of liability. Plaintiff filed a complaint against ODRC on March 10, 2000, alleging he was injured as a result of a fall which occurred when he exited the back of a truck used to transport him to a work assignment.
 {¶ 2} Plaintiff was formerly an inmate at the Ross Correctional Institution ("RCI") under the custody of ODRC, pursuant to R.C. 5120.16. Plaintiff worked at defendant's "beef barn," a facility used to train inmates in livestock management. RCI employees supervise inmates working at this facility. RCI transports inmates to and from the beef barn in a flatbed pickup truck equipped with wooden side-rails and a safety chain that stretches across the back of the vehicle. The truck in question had a towing hitch and two safety hooks that had been welded to the rear bumper for pulling farm equipment. Two flat surfaces had been welded onto a round bumper where it attached to the truck.
 {¶ 3} The evidence presented at trial generally established the following facts. ODRC trains inmates assigned to the beef barn on procedures for entering and exiting the truck. ODRC instructs inmates to hold onto the side-rail and to unlatch the safety chain before entering or exiting from the rear of the truck. The first inmate to enter or exit the truck is responsible for removing the chain, and the last inmate to enter or exit is responsible for relatching it.
 {¶ 4} On February 18, 1999, plaintiff began to work at the beef barn. Plaintiff completed an "acknowledgement of safety practices" ("acknowledgement") which documented his training in nine categories of tools, equipment and farm operations. One of these nine categories is entitled "riding in trucks." Plaintiff initialed each training category. Plaintiff signed and dated the form on February 18, 1999. Plaintiff denies reading the form and receiving training. Plaintiff further denies receiving instructions on entering or exiting the truck.
 {¶ 5} The supervising correctional officer ("CO"), Rick Jenkins, also signed the acknowledgement. CO Jenkins testified he personally trained each inmate before the inmate was permitted to use tools or farm equipment. CO Jenkins testified his practice is to ask inmates whether they understood his instructions before they signed the acknowledgement. CO Jenkins testified he instructed inmates to hold onto the side-rail and to unlatch the safety chain before entering or exiting the rear of the truck. No less than two inmates corroborated CO Jenkins' testimony concerning training procedures and instructions for entering or exiting the truck.
 {¶ 6} On May 12, 1999, plaintiff and approximately four other inmates returned from the beef barn in the truck. Plaintiff stood up in the truck, climbed over the safety chain and stepped onto the bumper. As he stepped off the bumper, plaintiff's pant leg caught a safety hook, and he fell to the ground. Plaintiff claims he was the third person to exit the truck. Michael Browning, an inmate in the truck at the time, testified plaintiff was the first person to exit the truck.
 {¶ 7} Plaintiff testified he rode in the truck for three months prior to the incident. Plaintiff admitted he was aware of the safety hooks on the bumper and knew to watch for them when exiting the truck. Plaintiff admitted nothing prevented him from unlatching the chain. CO Jenkins and inmate Browning testified they knew of no prior incidents where inmates were injured while entering or exiting the truck used to transport inmates to the beef barn.
 {¶ 8} The matter was tried to a magistrate on the issue of liability on March 12, 2002. After hearing testimony and considering documentary evidence, the magistrate issued an opinion recommending judgment for ODRC. First, the magistrate found the truck in question did not present an unreasonable risk of injury to plaintiff. Second, the magistrate concluded ODRC properly trained plaintiff on procedures for safely exiting the truck based on the credibility of the testimony provided by CO Jenkins and other inmates. Third, the magistrate found that plaintiff's own negligence was the sole proximate cause of injury. On May 20, 2002, plaintiff filed his objections to the magistrate's decision. The Court of Claims overruled the objections and entered judgment for ODRC on July 23, 2002.
 {¶ 9} On July 26, 2002, plaintiff appealed the trial court's judgment. Plaintiff sets forth the following three assignments of error on appeal:
 {¶ 10} "[1.] The trial court's decision is not supported by the evidence and is contrary to law.
 {¶ 11} "[2.] The trial court's decision is against the manifest weight of the evidence.
 {¶ 12} "[3.] The trial court erred in failing to consider the case of Patrick Wolfe who fell from a truck under similar conditions before Zeigler fell."
 {¶ 13} We begin with consideration of the third assignment of error as a threshold issue. We find the trial court did not abuse its discretion by excluding the case of Patrick Wolfe from evidence.
 {¶ 14} The trial court has broad discretion in the admission or exclusion of evidence and, in the absence of an abuse of discretion which results in material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings. Stratton v. Kent State Univ. (Mar. 18, 2003), Franklin App. No. 02AP-887, citing Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Stratton, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} We cannot conclude the trial court's exclusion of evidence is an unreasonable, arbitrary or unconscionable exercise of discretion. Plaintiff claims that Wolfe v. Ohio Dept. of Rehab. Corr. (Jan. 7, 1992), Franklin App. No. 91AP-554, proves the ODRC had notice the truck's configuration presented an unreasonable risk of harm to inmates. In Wolfe, the plaintiff slipped while exiting a truck during inclement weather. The evidence established the plaintiff in Wolfe fell as a result of ice in the bed of the truck. This court affirmed the trial court's finding of no liability based, in part, on the fact ODRC had no notice ice had formed in the bed of the truck. Accordingly, we cannot conclude the exclusion of Wolfe resulted in material prejudice to plaintiff because the configuration of the truck was not at issue in that case. Furthermore, no evidence in Wolfe indicates the same truck was involved or that the trucks are similarly configured. We find the trial court's exclusion of Wolfe into evidence did not constitute an abuse of discretion. Plaintiff's third assignment of error is overruled.
 {¶ 16} The first two assignments of error are interrelated and will be considered jointly. We conclude the trial court's findings are consistent with law and supported by the manifest weight of the evidence.
 {¶ 17} In order to prevail in a negligence action against the state, plaintiff has to prove by a preponderance of the evidence that ODRC owes him a duty, that it breached that duty, and that the breach proximately caused plaintiff's injury. Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. In the context of the custodial relationship between ODRC and prisoners, the state owes a common law duty of reasonable care and protection from unreasonable risks. McCoy v. Engle (1987), 42 Ohio App.3d 204, 208. However, this duty does not make ODRC the insurer of inmate safety. Williams v. Southern Ohio Correctional Facility (1990), 67 Ohio App.3d 517, 526. Such a duty includes the responsibility to exercise reasonable care to protect inmates against those unreasonable risks of physical harm associated with action taken in the course of employment. Boyle v. Ohio Dept. of Rehab. Corr. (1990), 70 Ohio App.3d 590, 592.
 {¶ 18} Judgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. The reviewing court is bound to give deference to the factual findings of the trial court. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflection, and gestures. Id.
 {¶ 19} The manifest weight of the evidence does not support plaintiff's assertion he was not trained to enter and exit the rear of the truck. Documentary evidence shows plaintiff separately signed the acknowledgement and initialed nine categories of training. CO Jenkins and inmate Browning testified that inmates are trained in techniques related to entering and exiting the trucks safely. ODRC trains inmates to unlatch the chain and hold onto the side-rail before exiting or entering the truck. CO Jenkins further instructed inmates to use caution when entering or exiting the truck. Even plaintiff's witness, inmate George Hicks, testified that he heard CO Jenkins train and instruct inmates to use caution in exiting and entering the truck. Furthermore, plaintiff admits he rode in the truck for three months without incident and that he was aware of the safety hooks on the bumper. Sufficient competent evidence supports the trial court's finding that plaintiff had adequate training and experience to safely exit the truck in question.
 {¶ 20} The manifest weight of the evidence supports the trial court's finding that plaintiff's negligence was the sole proximate cause of the incident. Plaintiff received adequate training on how to safely exit the rear of the truck. Plaintiff admitted he did not unlatch the safety chain or hold onto the side-rails when exiting the truck. Plaintiff admitted nothing prevented him from following these procedures. Plaintiff also admitted he was aware of the safety hooks and that he needed to watch for them when descending from the truck. Plaintiff rode in the truck for three months without incident. Contrary to plaintiff's testimony, inmate Browning testified plaintiff was the first person to exit the truck. Therefore, plaintiff had the duty to unlatch the safety chain for the benefit of the four inmates remaining in the truck. Sufficient competent evidence supports the trial court's finding that, but for plaintiff's negligence in exiting the truck, plaintiff would not have fallen from the bumper and suffered injury.
 {¶ 21} The manifest weight of the evidence does not support plaintiff's assertion that the truck used to transport inmates to the beef barn presents an unreasonable risk of harm. Documentary evidence shows that, on the day of the incident, the bumper of the truck was configured with two flat surfaces welded onto the round bumper. Witness testimony established the safety hooks in question were in plain view and situated inboard from the flat surfaces. At trial, plaintiff did not establish that injury was foreseeable absent plaintiff's own negligence. Competent, credible evidence supports the trial court's finding that the truck did not present an unreasonable risk of physical injury to plaintiff. Furthermore, we conclude the trial court correctly applied the law to the facts of the case. Accordingly, we also overrule plaintiff's first and second assignments of error.
 {¶ 22} Based on the foregoing, all three of plaintiff's assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.