[Cite as *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7052.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD WOLFE

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2007-08902

Judge J. Craig Wright
Magistrate Steven A. Larson

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Belmont Correctional Institution (BeCI) pursuant to R.C. 5120.16. On the morning of August 14, 2006, plaintiff fell and sustained injuries while working in the BeCI kitchen. Plaintiff alleges that he suffers from various physical conditions, including a small fracture of his left ankle, a metal plate in his right hip, chronic degenerative disk disease, depression, and type-2 diabetes, that should have prevented him from working in the kitchen, and asserts that defendant ignored those conditions in assigning him to work there. Plaintiff further alleges that he was entitled to accommodations under the Americans with Disabilities Act (ADA) that would have excused him from working in the kitchen.

{¶ 3} Title II of the ADA is contained in 42 U.S.C. 12132 and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The Supreme Court of the United States has held that "state prisons fall squarely within Title II's statutory definition of 'public entity,' which includes 'any * * * instrumentality of a State * * * or local government.'" *Pennsylvania Dept. of Corrections v. Yeskey* (1998), 524 U.S. 206, syllabus.

{¶ 4} Plaintiff does not allege that defendant denied him the benefits of any services, programs, or activities nor does he assert that defendant discriminated against him because of his various physical limitations. "[I]t is well-established that ordinary prison labor performed by an inmate in a state correctional institution facility is not predicated upon an employer-employee relationship and thus does not fall within the scope of worker-protection statute." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04AP-177, 2004-Ohio-5545, ¶14, citing *Moore v. Ohio Dept. of Rehab. & Corr. (*1993), 89 Ohio App.3d 107, 111. Accordingly, the court finds that plaintiff's assertion that defendant violated the ADA by assigning him to work in the BeCI kitchen is without merit.

{¶ 5} In order to prevail upon his claim of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that it breached its duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Defendant owed plaintiff the common law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 485. Reasonable care is that which would be utilized by an ordinarily prudent person under similar circumstances. *Murphy v. Ohio Dept. of Rehab. &* Corr., Franklin App. No. 02AP-132, 2002-Ohio-5170, ¶13. A duty arises when a risk is reasonably foreseeable. *Menifee*, supra, at 75. Such a duty includes the responsibility to exercise reasonable care to protect inmates against those unreasonable risks of physical harm associated with

institutional work assignments. *Boyle v. Ohio Dept. of Rehab. & Corr.* (1990), 70 Ohio App.3d 590, 592.

{¶ 6}  Plaintiff testified that he suffers from severe arthritis in his left leg that causes it to occasionally "give out."  Plaintiff further testified that he has diabetes for which he takes several medications that sometimes make him lightheaded and confused.  Plaintiff stated that he also suffered an ankle injury in June 2006.  As a result of his various maladies, on July 20, 2006, plaintiff was issued a pass to use a cane through August 20, 2006.  Additionally, on July 31, 2006, plaintiff was issued a "light duty" medical restriction that was effective through August 14, 2006.  (Plaintiff's Exhibits 3, 4.)

{¶ 7}  Plaintiff testified that on the day of the incident he was cleaning tables in the BeCI cafeteria and was walking back toward the front of the kitchen when his cane slipped on the freshly mopped floor.  According to plaintiff, as he felt himself slip, he grabbed a wheeled office-style chair in an attempt to steady himself, but the chair "took off" causing him to fall to the floor and injure his right side and back.  Plaintiff reported to the BeCI infirmary where he received ice packs, Tylenol, theragesic cream, and a 24-hour "lay in" during which he would be permitted to remain in his cell and be excused from his work duties.  (Plaintiff's Exhibit 13.)  The next day, August 15, 2006, plaintiff was examined by a physician and received a six-month lower-bunk restriction, but was informed that he could continue his work duties.  (Defendant's Exhibit J.)

{¶ 8}  Elmer Borsos was a correctional food-service coordinator working in the BeCI kitchen at the time of the incident.  Borsos testified that he did not witness plaintiff fall, but that plaintiff reported the fall to him at approximately 5:40 a.m. on the day of the incident.  Borsos testified that plaintiff told him that he was sitting in a chair, reached for his cane, and fell out of the chair.  As a result, Borsos filed an inmate accident report detailing the accident as plaintiff described it to him.  (Defendant's Exhibit O.)  According to Borsos, he called the BeCI infirmary, informed them that plaintiff fell out of

a chair, and sent plaintiff to the infirmary. Borsos testified that plaintiff did not require assistance to get there.

{¶ 9} Susan Nesbitt is the current Healthcare Administrator at BeCI. Nesbitt testified that plaintiff's medical records establish that plaintiff underwent a full medical examination at the Lorain Correctional Institution upon his initial incarceration in May 2006. (Plaintiff's Exhibit 14.) According to Nesbitt, the records show that plaintiff did not request any special accommodation for medical reasons at that time and the doctor did not note that any was needed. Plaintiff was classified as having "Class 1" medical needs, the lowest level, meaning he needed only "routine" medical care. However, Nesbitt further testified that a BeCI physician reviewed plaintiff's medical file, conducted a physical examination, issued the pass for a cane and the "light-duty" restriction, and noted that plaintiff had aches and pains in his lower body and that x-rays showed he suffered from osteoarthritis.

{¶ 10} To the extent that plaintiff asserts that the physician who examined him was negligent in not issuing him a more limiting and permanent medical restriction, plaintiff must produce evidence to establish both the relevant standard of care and proximate cause. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127. The appropriate standard of care must be proven by expert testimony which must construe what a medical professional of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances. Id. In this case, plaintiff provided no expert medical testimony to support his allegation.

{¶ 11} Based upon the evidence and testimony presented at trial, the court finds that defendant did not breach a duty of care owed to plaintiff. Moreover, the court finds that plaintiff's recounting of events on the day of the incident was not credible. Defendant acted in a reasonable manner when it assigned plaintiff to work a simple job in the BeCI kitchen and plaintiff failed to present any credible evidence to the contrary. Accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
STEVEN A. LARSON
Magistrate

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6504 East Main Street
Reynoldsburg, Ohio 43068-2268

Magistrate Steven A. Larson

MR/cmd
Filed December 10, 2009
To S.C. reporter December 29, 2009