[Cite as *Hoffmeyer v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-3216.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SAMUEL HOFFMEYER

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2008-10242

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>

{¶ 1}   Plaintiff brought this action alleging negligence.  The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2}   At all times relevant, plaintiff was an inmate in the custody and control of defendant at Madison Correctional Institution (MaCI) pursuant to R.C. 5120.16.  Plaintiff alleges that in the first week of November 2007, while working as a line server in the MaCI Zone A kitchen, he was ordered to move a milk dispenser from the serving line counter to a side counter.  Plaintiff alleges that while he was moving the dispenser, it fell, pinched his hand against the counter, and broke his right "pinky" finger.  Plaintiff asserts defendant failed to exercise ordinary care when it ordered plaintiff to move the milk dispenser, prevented him from obtaining medical care following the incident.  Plaintiff further contends that defendant's supervisory employees were not properly trained.

{¶ 3}   In order to prevail upon his first claim of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that it breached its

duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Such a duty includes the responsibility to exercise reasonable care to protect inmates against those unreasonable risks of physical harm associated with institutional work assignments. *Boyle v. Ohio Dept. of Rehab. & Corr.* (1990), 70 Ohio App.3d 590, 592.

{¶ 4} Plaintiff testified that while incarcerated at MaCI he was assigned to work in he kitchen during the lunch hour as a line-server. His duties included serving inmates milk from the milk dispenser and cleaning up the milk dispenser after lunch. Plaintiff asserted that on some unspecified date during the first week of November 2007, a food service coordinator (FSC) ordered him and another inmate to move the milk dispenser from the line counter to a side counter. However, every FSC scheduled to work in the MaCI Zone A kitchen during lunch in the first week of November 2007 testified at trial, but plaintiff could not identify the FSC who ordered him to move the milk dispenser. (Defendant's Exhibit A.) Plaintiff estimated that the milk dispenser sat on a counter which was three feet high and weighed between 250-300 pounds. Plaintiff testified that he protested the order because of the milk dispenser's weight but that the FSC nevertheless gave him a direct order to move the milk dispenser. Plaintiff explained that he grabbed the bottom of the milk dispenser and attempted to move it from the line counter to the side counter. According to plaintiff, as he began to lift the milk dispenser off the line counter, he dropped it and it pinched his hand against the counter. He stated that the milk dispenser then fell to the floor and made a loud crashing sound.

{¶ 5} Plaintiff testified that he told the other inmate that his hand hurt and that he was unable to help him move the milk dispenser. Plaintiff stated that he also told the FSC who had just come from the kitchen that he needed to go to the infirmary because of his hand but that the FSC refused his request. Plaintiff recalled that he waited 5-10 minutes for his shift to end and then returned to his cell. Plaintiff testified that around

midnight his hand began to swell, but that he continued working for the next few days in the kitchen and was never permitted to go to the infirmary. According to plaintiff, several days after the incident, between November 12-14, 2007, he filed two forms requesting medical treatment. (Plaintiff's Exhibits 1 and 2.) Plaintiff testified that in the course of subsequent medical treatment, he learned that his finger was broken in a manner commonly called a "boxer's fracture." At no time did plaintiff file a grievance concerning the incident.

{¶ 6} Each of the FSCs who worked in the kitchen during the first week of November 2007, Mr. Queen, Mses. Geiger, Mercer, Embry, Matyas, and Feathers denied ordering plaintiff to move the milk dispenser. None of the FSCs observed inmates make an attempt to move the milk dispenser nor did they observe the milk dispenser fall to the floor. Additionally, they all testified that when there is an accident in the kitchen involving an inmate, the FSC on duty is required to fill out an incident report and contact medical personnel. They all testified that they did not refuse to write an incident report concerning plaintiff or any accidents in the kitchen, and that they did not refuse to allow plaintiff to seek medical treatment.

{¶ 7} Food Service Coordinator Manager, Mr. Smith, testified that in order to move a milk dispenser, the FSC must fill out a work order for the equipment to be moved by maintenance staff. He also testified that he was not aware of either any incident where a milk dispenser had fallen to the floor, or any FSC violating the equipment policy or the policy regarding incident reports. Mr. Smith testified that if an inmate was refused medical care, an incident report would be sent to the warden for investigation and possible discipline. He stated that no such report existed for this case.

{¶ 8} Based upon the foregoing, the court finds that plaintiff failed to establish either that defendant committed a breach of its duty of care or that his broken finger was proximately caused by an order from defendant's staff to move the milk dispenser. In addition, plaintiff has not convinced the court that his finger was injured in the performance of such a task. Furthermore, plaintiff failed to prove that he was denied

medical care at any time.  Indeed, once plaintiff requested medical treatment, it was provided to him within a reasonable time.

{¶ 9}  In order for plaintiff to prevail on his negligent hiring and supervision claim, he must prove:  1) the existence of an employment relationship; 2) incompetence of the employee; 3) the employer's actual or constructive knowledge of the employee's incompetence; 4) an act or omission by the employee that caused the damage to the plaintiff; and (5) negligent retention of the employee that proximately caused the plaintiff injuries. *Payton v. Receivables Outsourcing, Inc.*, 163 Ohio App.3d 722, 2005-Ohio-4978.  Having concluded that plaintiff failed to prove that his injury was sustained as a result of an order to move the milk dispenser, plaintiff's claim of negligent training and supervision must fail.  Based upon the foregoing, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

GWP/cmd
Filed June 8, 2010
To S.C. reporter July 7, 2010