[Cite as *Morgan v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-4852.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERIC MORGAN

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

     Case No. 2010-05986

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the London Correctional Institution (LCI). Plaintiff testified that on the afternoon of January 12, 2010, he was cutting "turkey logs" into cubes for the next day's evening meal when he suffered a severe laceration to his left ring finger. Plaintiff introduced Plaintiff's Exhibits 1-6 which were photographs of the Hobart slicer he was using. Plaintiff stated that the turkey logs were wet, partially frozen, and slippery, and he described the cubing process as follows: the safety guard that normally holds meat in place must be removed to accommodate the length of the turkey logs; the turkey logs are cut into approximately half-inch slices, repositioned and then cut into strips; finally, the strips are repositioned on the slicer and cut. Plaintiff testified that it was during the

final step that his hand slipped and contacted the exposed blade of the slicer, cutting his finger.  Defendant's records establish that plaintiff cut his finger at approximately 3:00 p.m. on January 12, 2010, was examined in the LCI infirmary, and was then transported to an area hospital at approximately 3:15 p.m.  (Plaintiff's Exhibits 8,9.)

{¶3} According to plaintiff, this particular task was part of his duties in the LCI officer's dining room kitchen and he had performed the task "at least once a week for eighteen months" before the incident.  Plaintiff testified that the safety guard cannot be effectively used during the second and third steps of the process because the turkey is too "flimsy."  Plaintiff also testified that while knives are available in the kitchen for slicing the turkey logs, the deli slicer was faster and the knives were frequently being used by other inmates to cut vegetables and other food items.  However, plaintiff admitted that he was running late and that he was working that afternoon because he and his fellow inmates had not finished cutting the turkey logs that morning.

{¶4} Plaintiff asserts that LCI staff were negligent in permitting him to use the slicer in an unsafe manner.  Defendant argues that plaintiff's own negligence was the sole proximate cause of his injury.

{¶5} In order to prevail upon his claim of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.  Defendant owed plaintiff the common law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 485.  Reasonable care is that which would be utilized by an ordinarily prudent person under similar circumstances. *Murphy v. Dept. of Rehab. &* Corr., Franklin App. No. 02AP-132, 2002-Ohio-5170, ¶13.  A duty arises when a risk is reasonably foreseeable. *Menifee,* supra.  Such a duty includes the responsibility to exercise reasonable care to protect inmates against those unreasonable risks of physical harm

associated with institutional work assignments. *Boyle v. Dept. of Rehab. & Corr.* (1990), 70 Ohio App.3d 590, 592.

{¶6} While the court is cognizant of a "special relationship" between an inmate and his custodian, no higher standard of care is derived from the relationship. *Clemets v. Heston* (1985), 20 Ohio App.3d 132. The state is not an insurer of the safety of its prisoners; however, once it becomes aware of a dangerous condition in the prison, it is required to take the degree of reasonable care necessary to protect the prisoner from harm. Id.

{¶7} Inmate Kevin McClanahan was working with plaintiff in the LCI kitchen on the day of the incident. McClanahan testified that he and the other five or six inmates preparing the turkey were "pressed for time" and that they had to be finished by 4:00 p.m. McClanahan stated that he was standing near plaintiff when he observed plaintiff's hand slip off the turkey and strike the blade of the slicer. According to McClanahan, it "looked bad" and there was "blood everywhere." McClanahan corroborated plaintiff's description of the process of cutting the turkey logs into cubes. He stated that it was the "regular" process for doing so and that he and the other inmates were never instructed to do otherwise, that LCI staff ordered them to "just get it done." Although McClanahan admitted that inmates were never specifically ordered to use the slicer to prepare the turkey, he stated that staff was aware that they were using it and did not care so long as the job was timely done.

{¶8} Rose Crawford was the Food Service Coordinator Supervisor on duty when plaintiff was injured. She testified that she was aware that plaintiff was using the slicer to prepare the turkey, but was unaware that he was not using the safety guard on this occasion. Crawford further testified that plaintiff did not inform her that he felt the slicer was unsafe. Crawford was not aware of any other inmate being injured while using the slicer but she did admit that inmates working in the kitchen had previously informed her

that removal of the safety guard was a common practice when using the slicer to cut the turkey from strips into cubes.

{¶9} Based upon the above testimony, the court finds that defendant failed to exercise reasonable care inasmuch as Crawford and other staff members were aware that plaintiff was using the slicer in an unsafe manner, that they failed to correct him and that plaintiff was injured as a result. However, the court further finds that plaintiff was also aware of the danger and that he chose to assume the risk of injury. Additionally, the court finds that plaintiff was hurrying to complete his task and was not taking the proper care to ensure his own safety. Accordingly, Ohio's comparative negligence statute, R.C. 2315.33, is applicable.

{¶10}    For the foregoing reasons, the court finds that plaintiff has proven his negligence claim by a preponderance of the evidence. The court further finds that the degree of fault attributable to plaintiff for failing to use reasonable care to ensure his own safety is 40 percent. Accordingly, judgment is recommended in favor of plaintiff with a 40 percent reduction in any award for damages.

{¶11}    *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Kristin S. Boggs                          Richard F. Swope
Assistant Attorney General                6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor           Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MR/dms
Filed August 1, 2011
To S.C. reporter September 22, 2011