[Cite as *George v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1250.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM GEORGE

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2010-11501

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## MAGISTRATE DECISION

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. Plaintiff testified that on June 21, 2010, he was using an electric slicer to cut vegetables when he severely cut the middle finger on his left hand. (Defendant's Exhibit D.) According to plaintiff, he had been working in the SOCF kitchen for about 75 days before he was assigned to the "butcher shop." Plaintiff stated that he worked in the butcher shop for about 10 days and that he had used the slicer on two or three other occasions prior to the day when he cut his finger. Plaintiff testified that soon after the incident he went to the SOCF infirmary and received seven stitches to close the wound. Plaintiff asserts that he was not properly trained in the use of the slicer.

{¶3} In order to prevail upon his claim of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his

injuries. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Defendant owed plaintiff the common law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 485. Reasonable care is that which would be utilized by an ordinarily prudent person under similar circumstances. *Murphy v. Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-132, 2002-Ohio-5170, ¶13. A duty arises when a risk is reasonably foreseeable. *Menifee*, supra. Such a duty includes the responsibility to exercise reasonable care to protect inmates against those unreasonable risks of physical harm associated with institutional work assignments. *Boyle v. Dept. of Rehab. & Corr.* (1990), 70 Ohio App.3d 590, 592.

{¶4} While the court is cognizant of a "special relationship" between an inmate and his custodian, no higher standard of care is derived from the relationship. *Clemets v. Heston* (1985), 20 Ohio App.3d 132. The state is not an insurer of the safety of its prisoners; however, once it becomes aware of a dangerous condition in the prison, it is required to take the degree of reasonable care necessary to protect the prisoner from harm. Id.

{¶5} Plaintiff acknowledged that he signed several documents indicating that he underwent safety training, but stated that he merely read them over and that no SOCF staff actually showed him how to use the slicer. Plaintiff testified that he learned to use the slicer by observing another inmate operate it. Defendant's Exhibit D consists of four photographs of the slicer in question. The slicer has a steel chute at the bottom of which is a blade and an electric motor. Vegetables are fed by the operator into the chute and they pass through the blade as it spins. The operator must use a handle with an attached plunger to safely guide the vegetables toward the blade. Plaintiff testified that he did not use the handle and that he simply used his hands to push the vegetables into the chute toward the blade. Plaintiff stated that he was aware that the handle could

be used to push vegetables into the chute, but he was never shown how to use the slicer that way. He stated that he did use the handle when he was cutting celery.

{¶6} Inmate Cory Cardwell testified that he worked in the SOCF kitchen cutting vegetables for approximately two years, and often used the slicer. Cardwell stated that he was told to use the handle and plunger to push vegetables into the chute, and that he never used his hand to do so. Cardwell also stated that SOCF Food Service Coordinator (FSC) Brenda Brown repeatedly told him not to stick his hand in the slicer because it will "cut your fucking hand off."

{¶7} Inmate Brandon Doughty testified that he worked in the SOCF kitchen on two occasions, first on the serving line, and then slicing vegetables. Doughty stated that he received general instruction on the use of the slicer, but that he never saw the slicer in operation until he used it for the first time. Doughty felt that it was common sense not to use one's hand to push the vegetables into the chute. Doughty also stated that he was told several times by Brown not to put his hand in the slicer.

{¶8} Brenda Brown has worked as an FSC in the SOCF kitchen for 15 years. She testified that no inmate touches a piece of equipment in the kitchen before receiving her personal training. She testified that she showed plaintiff how to use the slicer and then watched him use it for one entire shift before she was satisfied that plaintiff was trained in its proper use. According to Brown, she witnessed plaintiff use his hand to push vegetables into the chute on several occasions and instructed him not to do so. She stated that she reminded plaintiff and the other inmates "everyday" to use the handle and plunger mechanism and not their hands. According to Brown, when plaintiff was injured, he was hurrying, talking to other inmates, and not paying attention to what he was doing.

{¶9} Based upon the foregoing, the court finds that plaintiff received adequate training in the use of the vegetable slicer prior to using it. The court concludes that plaintiff was using the slicer improperly, carelessly, and contrary to the way in which he

was trained. Accordingly, the court finds that plaintiff failed to take steps to ensure his own safety and that his own negligence is the sole proximate cause of his injury.

{¶10} Judgment is recommended in favor of defendant.

{¶11} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Kristin S. Boggs
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

William George, #530-147
Mansfield Correctional Institution
1150 North Main Street
Mansfield, Ohio 44901

MCR/dms
Filed January 13, 2012
To S.C. reporter March 23, 2012