[Cite as *Petaway v. Dept. of Rehab. & Corr.*, 2010-Ohio-3476.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEVONNE PETAWAY

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-06591

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On May 5, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4}   At all times relevant to this action, plaintiff was an inmate in the custody and control of defendant at the Warren Correctional Institution (WCI) pursuant to R.C. 5120.16.  Plaintiff alleges that on June 28, 2009, he informed corrections officers (COs) at WCI that the toilet in his cell was leaking and causing water to pool on the floor of the cell.  Plaintiff alleges that he was ordered to return to his cell and that shortly thereafter, an employee of defendant arrived at his cell and ordered him to exit it.  Plaintiff asserts that as he alighted from his upper bunk he slipped on the pooled water and suffered severe injury.

{¶ 5}   Plaintiff claims that defendant was negligent in ordering him to return to the cell with the leaking toilet.  Defendant argues that it owed no duty of care to plaintiff because the danger posed by the pool of water was open and obvious.

{¶ 6}   In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 7}   Under Ohio law, the duty owed by an owner or occupier of premises ordinarily depends on whether the injured person is an invitee, a licensee, or a trespasser.  *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 1996-Ohio-137.  However, an inmate incarcerated in a state penal institution is not afforded the status of any of the traditional classifications.  In the context of the custodial relationship between the state and its inmates, the state has a duty to exercise reasonable care to prevent prisoners in its custody from being injured by dangerous conditions about which the state knows or should know.  *Moore v. Ohio Dept. of Rehab & Corr.* (1993), 89 Ohio App.3d 107, 112; *McCoy v. Engle* (1987), 42 Ohio App.3d 204.

The state is not the insurer of inmate safety, however.  See *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, at 702.

{¶ 8}  "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."  *Armstrong*, supra, syllabus.  This rule is based upon the rationale that the very nature of an open and obvious danger serves as a warning, and that the "'owner or occupier (of land) may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'"  Id. at 80, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42.

{¶ 9}  In support of its motion, defendant filed the affidavit of N. Romanack, who states:

{¶ 10}  "1. I am currently employed as a full time employee by [defendant] as a [CO] at [WCI];

{¶ 11}  "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit;

{¶ 12}  "3. On June 28, 2009, I worked in Unit 2-D, where [plaintiff] was incarcerated.  At some point during my shift, I was notified of water on the floor in [plaintiff's] cell.  When I approached [plaintiff's] cell, I observed him on the top bunk bed. [Plaintiff] told me he wanted to switch cells due to the water on the ground.  I informed [plaintiff] that I first needed to get the approval from the shift office.  I stepped away from the cell for no more than one minute - to confer with a fellow officer - but was still in close proximity to the cell.  When I looked back into [plaintiff's] cell, he was lying on the floor.  At no time did I ever order [plaintiff] to get off of the bunk bed or to exit the cell."

{¶ 13} Based upon the allegations contained in the complaint and the unrefuted affidavit testimony presented by defendant, the court finds that the water on the floor of plaintiff's cell was an open and obvious hazard and that plaintiff was aware of the hazard when he got down from his upper bunk.  Thus, defendant owed no duty to plaintiff, and plaintiff's negligence claim is barred as a matter of law.

{¶ 14} Based upon the foregoing, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Daniel R. Forsythe                          Devonne Petaway, #587-236
Assistant Attorney General                  P.O. Box 120
150 East Gay Street, 18th Floor             Lebanon, Ohio 45036
Columbus, Ohio 43215-3130

MR/cmd
Filed June 30, 2010\
To S.C. reporter July 22, 2010