[Cite as *Jones v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-5992.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTOPHER JONES,

      Plaintiff,

      v.

OHIO DEPARTMENT OF
  REHABILITATION AND CORRECTIONS,

      Defendant.

Case No. 2010-11765

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

ENTRY GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

{¶1} On September 6, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On September 26, 2011, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} At all times relevant plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. Plaintiff alleges that on August 12, 2010, he stepped into the shower in the K-8 cell block and slipped and fell, breaking a bone in his right arm.  Plaintiff alleges that defendant is negligent in not providing mats or non-slip strips for the showers.

{¶5} Defendant argues that it owed no duty of care to plaintiff because any danger posed by the shower was open and obvious.

{¶6} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶7} Under Ohio law, the duty owed by an owner or occupier of premises ordinarily depends on whether the injured person is an invitee, a licensee, or a trespasser.  *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 1996-Ohio-137.  However, an inmate incarcerated in a state penal institution is not afforded the status of any of the traditional classifications.  In the context of the custodial relationship between the state and its inmates, the state has a duty to exercise reasonable care to prevent prisoners in its custody from being injured by dangerous conditions about which the state knows or should know.  *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 112; *McCoy v. Engle* (1987), 42 Ohio App.3d 204. The state is not the insurer of inmate safety, however.  See *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 702.

{¶8} "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."  *Armstrong*, supra, syllabus.  This rule is based upon the rationale that the very nature of an open and obvious danger serves as a warning, and that the "'owner or occupier [of land] may reasonably expect that persons

entering the premises will discover those dangers and take appropriate measures to protect themselves.'"  Id. at ¶5, quoting *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644.

{¶9} In support of its motion, defendant submitted plaintiff's answers to interrogatories and the affidavit of Greg Holdren.  In response to the interrogatories, plaintiff stated that he was very familiar with the shower in question inasmuch as he used it, or one like it, daily from December 2006 until December 2010.

{¶10} Holdren states:

{¶11} "1.  I am currently employed full-time by [defendant] as the Health and Safety Coordinator at [SOCF] in Lucasville, Ohio.

{¶12} "* * *

{¶13} "3.  I have personal knowledge of the facts contained in this affidavit and am competent to testify.

{¶14} "4.  SOCF does not utilize shower mats in its showers due to potential health-related issues, safety concerns, and sanitation.  As is common knowledge, shower mats used by numerous individuals in a moist area can operate as a breeding ground for mildew and other germs.

{¶15} "5.  Moreover, due to the size of the showers at SOCF, if a shower mat was utilized, it would likely cover the drain of the shower itself.  This would lead to standing water in the base of the shower and pose a potential safety issue of inmates. See Exhibit A, which is a true and accurate photograph depicting the inside of the showers at SOCF.

{¶16} "6.  Rather than utilizing shower mats at SOCF, inmates may obtain shower shoes that contain a no-slip sole that help to prevent inmates from slipping in the showers. * * *

{¶17} "7.  [Plaintiff] had the ability to purchase such no-slip shower shoes while housed at SOCF, and he did not."

{¶18} Plaintiff stated in his response that while he did not purchase shower shoes, he did borrow a pair from another inmate and that he was wearing them when he slipped. Additionally, plaintiff states that the shower itself was not properly cleaned and maintained and that a build-up of soap residue made the shower even more slippery.

{¶19} Based upon the allegations contained in the complaint and the evidence provided by defendant, the court finds that the condition of the showers in plaintiff's housing unit at SOCF did not pose an unreasonable risk of harm to plaintiff. Indeed, by plaintiff's own admission, he had managed to safely use the shower daily for a period of nearly four years. Moreover, plaintiff acknowledged that he was very familiar with the showers. Accordingly, to the extent that the showers presented a hazard, such a hazard was open and obvious. Thus, defendant owed no duty to plaintiff with regard to the shower, and plaintiff's negligence claim is barred as a matter of law.

{¶20} Based upon the foregoing, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Ashley L. Oliker                              Christopher Jones, #516-198
Jennifer A. Adair                             P.O. Box 45699
Assistant Attorneys General                   Lucasville, Ohio 45699
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Filed October 19, 2011
To S.C. reporter November 18, 2011